# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JACK GREGSON,<br>    Plaintiff,<br><br>    v.<br><br>RHODE ISLAND PAROLE BOARD,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-cv-00469-MSM-PAS |

## ORDER

Mary S. McElroy, United States District Judge.

Mr. Gregson in this action alleges three violations of law against Defendant R.I. Parole Board. The Plaintiff has filed an Application to Proceed In Forma Pauperis (ECF No. 2), which initiates a mandatory review by the Court of the Complaint to determine whether it states a plausible federal claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); 28 U.S.C. § 1915(e)(2)(B)(ii). First, Mr. Gregson alleges that in 2018 he was incorrectly advised by a counselor at the ACI to waive his parole hearing because he had a direct appeal pending. Mr. Gregson is imprisoned by a state court judgment and is being held at a state prison. Even considering Mr. Gregson's pro se status, and all the leniencies afforded to pro se plaintiffs, the Court finds no question (in this claim) on which it has jurisdiction. As there is no claim for diversity jurisdiction, 28 U.S.C. 1332, Mr. Gregson would have to allege a Federal law contravened to invoke federal question jurisdiction under 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim

'arising under' the Constitution or laws of the United States." *Arce v. Potter*, 803 F. Supp. 2d 76, 81 (D.P.R. 2011) citing, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006).

Second, Mr. Gregson alleges the Defendant Parole Board violated the ADA (Americans with Disabilities Act, 42 U.S.C. § 12101 et seq) by holding his parole hearing without the presence of his mental health counselor, and other medical professionals assisting him with his other disabilities (it's unclear what other medical professionals Mr. Gregson alleges should have been at the hearing). Mr. Gregson alleges he is legally blind, functionally illiterate, and hearing impaired. To prevail on an ADA title II claim, a plaintiff must demonstrate: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was because of the plaintiff's disability. See *Buchanan v. Maine*, 469 F.3d 158, 170–71 (1st Cir. 2006)). In this case, even taking Mr. Gregson's allegations of a qualified disability as true, Mr. Gregson still must show that he was denied parole because he did not have his mental health counselor and/or other specific medical professional at his parole hearing. There is essentially no factual allegation of any harm caused by the absence of those professionals or demonstration of a causal connection between their absence and the denial of parole.

Finally, Mr. Gregson alleges the Parole Board miscalculated his parole eligibility date because it did not consider that two crimes were "stricken" from his sentence by the Superior Court. The proper vehicle for relief for an argument that

the incarceration time should be shorter is a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254, et seq.  That statute would allow Mr. Gregson to seek a writ of habeas corpus on the ground that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the Court may not grant such a petition unless Mr. Gregson has exhausted the remedies available in state court. *Id.* § 2254(c).  Rhode Island law allows for Mr. Gregson to seek habeas corpus relief in state court, R.I. Gen. Law § 10-9-1, et seq.  It is well established that the State's post-conviction relief statute is the proper vehicle for a person who has been convicted and sentenced for a crime and who is held in custody as a result of unlawful procedures by a parole board. See *State v. Ouimette*, 117 A.2d 361 (RI 1976)).

Accordingly, Mr. Gregson's motion to Proceed Informa Pauperis is denied as to Count 1 and Count 3.  As to Count 2, the asserted facts that Mr. Gregson is disabled and entitled under the ADA to have his medical professionals in the parole hearing fails to meet the required pleading standards.  The Plaintiff is extended thirty days in which he may file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) to cure this defect.  If an Amended Complaint is filed within the time prescribed, it will be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  If no Amended Complaint is filed, or if one that is filed fails to state a federal claim for relief, the case will be DISMISSED.  The Application to Proceed In Forma Pauperis (ECF No. 2) is deferred pending the filing of an Amended Complaint or the dismissal of the case.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

January 13, 2025